Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISON

| | |
|---|---|
| PAUL SAPAN,<br><br>                Plaintiff,<br>         vs.<br><br>PINNACLE SECURITY CA GP, INC., a Utah Corporation, PINNACLE SECURITY, LLC., a Utah Limited Liability Company., BRIAN J. KARREN, an individual, JOSEPH PRETLOW, an individual,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

Complaint

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff is, and at all times herein mentioned was, a resident of the Los Angeles, but has recently moved to the County of Orange, State of California.

2.      Defendant Pinnacle Security CA GP, Inc. (Pinnacle Security) is, and at all times herein mentioned was, a Utah Corporation, doing business in the County of Los Angeles, State of California.

3.      Defendant Pinnacle Security, LLC (Pinnacle Security) is, and at all times herein mentioned was, a Utah Limited Liability Company, doing business in the County of Los Angeles, State of California.

4.      Defendant Brian J. Karren is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

5.      Defendant Joseph Pretlow is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

6.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, --U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.     At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## **FACTUAL SUMMARY**

8.     PAUL SAPAN received four (4) prerecorded calls to his home phone number from Defendants wherein they tried to pitch their security alarm instillation services  on the following dates and times and using the following Caller ID ("CID") number:

- July 18, 2011 at 12:29 pm , CID 603-214-3653

- December 17, 2012 at 11:40 am, CID 802-488-3060

- January 21, 2013 at 2:50pm, CID 802-488-3064

- January 22, 2013 at 10:11am, CID 802-488-3064

PAUL SAPAN received three (3) live calls to his home phone number from Defendants wherein they tried to pitch their security alarm instillation services  on the following dates and times and using the following Caller ID ("CID") number:

- July 21, 2011 at  2:59 pm, CID 888-211-9699

- July 21, 2011 at  3:03 pm, CID 888-211-9699

- December 17, 2012 at 2:03 pm, CID 310-856-9046

Complaint

9.     Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

10.     While each of the calls complained of above used a corresponding Caller ID number, only one (1) of them transmitted any Caller ID name information as required by law.  47 C.F.R. § 64.1601(e).

**The July 2011 Calls**

11.     On July, 18 2011 at 12:29 pm, Defendants called Mr. Sapan using a prerecorded message trying to sell him alarm services.

12.     The robotic voice instructed Mr. Sapan to press "1" for more information on their alarm services.

13.     Mr. Sapan pressed"1" to find out who was behind the illegal calls.

14.     The call was transferred to a man who identified himself only as "Brian" and who immediately began to pitch alarm services to Mr. Sapan.

15.     Mr. Sapan feigned interest in order to find out who was calling him illegally.

16.     "Brian" told Mr. Sapan that all of his agents were busy, and that someone would call him back at a later time.

17.     Mr. Sapan did not consent to be called back.

Complaint

18.     On July 21, 2011 at 2:59 pm a live person identifying himself as "Bryan Pyner of Pinnacle Security" called Mr. Sapan pitching alarm services.

19.     Mr. Sapan said he was not interested and hung up the phone.

20.     Moments later, at 3:03 pm, "Bryan Pyner" called Mr. Sapan again to pitch Defendants' alarm services.

21.     Mr. Sapan informed "Bryan" he was on the Do-Not-Call list.

22.     "Bryan" hung up the phone.

**The December 2011 Calls**

23.     On December 17, 2012 at 11:40 am Defendants called Mr. Sapan using a prerecorded message trying to sell him alarm services.

24.     This prerecorded call used the CID number 802-488-3060.

25.     The robotic voice instructed Mr. Sapan to press "1" for more information regarding a free home security system.

26.     Mr. Sapan pressed "1" to find out who was calling him.

27.     The call was transferred to someone who identified herself only as "Carmen of Security Solutions", and who immediately began to pitch alarm services to Mr. Sapan in the same way as the July 2011 calls.

28.     Mr. Sapan feigned interest to get concrete information about the identity of the caller since the names she gave sounded generic and made up.

29.     "Carmen" proceeded to transfer Mr. Sapan to someone who identified herself as "Corey of Pinnacle Security".

30.     Mr. Sapan was now certain who was behind the calls, and instructed "Corey" not to call him anymore and hung up.

31.     Later in the day, a live person identifying himself as "Jordan of Pinnacle Security" called Mr. Sapan from CID number 310-856-9046 again attempting to pitch him alarm services.

32.     Mr. Sapan told "Jordan" he was not interested, and hung up.

**The January 2012 Calls**

33.     On January 21, 2013 at 2:20 pm, Defendants called Mr. Sapan using a prerecorded message trying to sell him alarm services.

34.     This prerecorded call used the CID number 802-488-3060, the same as the prior prerecorded call on December 17, 2012 at 11:40.

35.     Mr. Sapan did not answer the call, but the prerecorded message left a voice mail pitching alarm services to him.

36.     Earlier that day at 10:11am, Defendants using the same CID number had called Mr. Sapan but he did not answer and no voicemail was left.

37.     Mr. Sapan alleges on information and belief that this call from Defendants was also a prerecorded call attempting to sell their alarm services on

Complaint

the basis that the other two calls from the same CID were prerecorded solicitation calls and that CID number was not used in any of the live calls.

38.    Mr. Sapan alleges on information and belief that Defendants also transmitted the other calls, which went unanswered, to pitch the same debt consultancy services.

39.    None of the prerecorded calls made by Defendants were introduced by a live natural person as required by the California Consumer Legal Remedies Act.

40.    The Better Business Bureau lists Brian J. Karren as Finance Director, and Joseph Pretlow as director of Defendant Pinnacle Security CA GP, Inc.

41.    Defendant Brian J. Karren and Joseph Pretlow are, and at all times herein mentioned were, co owners of Defendants Pinnacle Security CA GP, Inc., and Pinnacle Security, LLC.

42.    Plaintiff alleges on information and belief that Defendants Brian J. Karren and Joesph Pretlow made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

43.    Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must

pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

## FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991
For Four (4) Prerecorded Telesolicitation Calls]

44.     Plaintiff  realleges all paragraphs above and incorporates them herein by reference.

45.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

46.     Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

47.     Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it

Complaint

is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

48.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991
For All Seven (7) Telesolicitation Calls]

49.    Plaintiff realleges all paragraphs above and incorporates them herein by reference.

50.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

51.    Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her

telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

52.    At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

53.    Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

54.    Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

/ / /

## THIRD CAUSE OF ACTION

[Violation(s) of California Civil Code § 1770 (a) (22) (A)
For Four (4) Prerecorded Telesolicitation Calls]

55.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

56.     California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording.  Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

57.     As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

58.     Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

59.     Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

60.     Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

/ / /

Complaint

## FOURTH CAUSE OF ACTION
### [Trespass to Chattel – All Seven (7) Calls]

61.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

62.     The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

63.     At no time did Plaintiff consent to this trespass.

64.     As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 6% of his monthly phone bills in July 2011 since Defendants calls constituted 6% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

65.     In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## FIFTH CAUSE OF ACTION
### [Engaging in Unfair Business Practices – All Seven (7) Calls]

66.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

67.     Because these telephone calls violate federal statutes, they are unlawful business practices under Cal. Bus. & Prof. Code § 17200.

Complaint

68.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 6% of his monthly phone bills in July of 2011 since Defendants calls constituted 6% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

69.   Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1.    For an award of $500.00 for each violation of 47 U.S.C. §227;

2.    For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3.    For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);

4.    For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

5.    For compensatory damages according to proof;

6.    For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

Complaint

7.    For punitive damages;

8.    For attorney's fees;

On the FOURTH CAUSE OF ACTION:

9.    For compensatory damages according to proof;

10.  For punitive damages;

On the FIFTH CAUSE OF ACTION:

11.  For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

12.  For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

13.  For costs of suit herein incurred; and

14.  For such further relief as the Court deems proper.


DATED: May 27, 2015                          **PRATO & REICHMAN, APC**


/s/   Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN

Complaint